IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL BOUCHILLON,

    Petitioner,

v.                                            CASE NO. 5:10-cv-330-RS-GRJ

PAIGE AUGUSTINE, et al.

    Respondents.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C § 2241. Petitioner is a former enlisted member of the U.S. Air Force. The Petition stems from his 2001 court-martial conviction of indecent liberties and indecent acts with three children under the age of 16, and sodomy with a child under the age of 16, for which he was sentenced to 20 years' imprisonment and dishonorable discharge. The Respondent has filed Doc. 11, a response to the Petition, or in the alternative motion to dismiss or for summary judgment. Petitioner was afforded an opportunity to reply to the response/motion, but has not done so.[1] Upon review of the Petition, the Response and incorporated motion to dismiss, and the

---

[1]A review of the Bureau of Prison's inmate locator reflects that Petitioner is now confined at Devens FMC. Petitioner's last address of record with the Court is FCI Marianna. On December 7, 2011, the Court ordered Petitioner to show cause on or before December 27, 2011, as to why the Motion to Dismiss should not be granted and as to why this case should not be dismissed for failure to prosecute because Plaintiff failed to apprise the Court of his current address. It appears that the Order was mailed to Petitioner at FCI Marianna but not to Devens. The Order was not returned to the Court as undeliverable. As of this date, Petitioner has not responded to the show cause order. The Court will direct service of this Report and Recommendation to Petitioner at both facilities.

records submitted with the Response, the Court recommends that the motion be granted, and that the Petition be denied.[2]

## Background

According to the exhibits appended to the Response, Petitioner's conviction and sentence were affirmed on appeal. Petitioner initially was held in military custody by the Department of the Army at the U.S. Disciplinary Barracks, Ft. Leavenworth, Kansas. In 2005, after his discharge from the Air Force, he was transferred to the custody of the Bureau of Prisons pursuant to statutory authority as implemented by a memorandum of understanding (MOU) between the Department of the Army and the BOP.[3]

Because Petitioner was convicted in a court martial, the U.S. Disciplinary Barracks retained administrative control over him for purposes of disposition boards and sentence computation. *See* Doc. 11, Exh. 4, 13. Petitioner receives annual clemency review by the Air Force Clemency and Review Board ("Board"), pursuant to 10 U.S.C. § 953. *See id*. Exh. 5, 13. Petitioner has sought clemency from the Board each year since his conviction, and all such requests have been denied. *Id*. Exh. 5.

---

[2]Because the Petition may be resolved on the basis of the record, the Court has determined that no evidentiary hearing is necessary.

[3]The Uniform Code of Military Justice provides that "a sentence of confinement adjudged by a court martial or other military tribunal ... may be carried into execution by confinement in any place of confinement under the control of any of the armed forces or in any penal or correctional institution under the control of the United States...." 10 U.S.C. § 858(a). Pursuant to this authority, the Department of the Army and the BOP entered into a memorandum of agreement "establish[ing] the policies and procedures governing the transfer of military prisoners in the custody of [the] Department of the Army to the Federal Bureau of Prisons." Exh. 13. The agreement provides that "[t]he Secretaries of the respective Services retain clemency authority for military prisoners in BOP custody," but that "[p]arole approval for military prisoners in [the] custody of the BOP rests with the U.S. Parole Commission." *Id*.

Petitioner also has been considered for and denied parole by the U.S. Parole Commission. *See id*. Exh. 13; Doc. 1.

The instant Petition does not pertain to the clemency decisions of the Board or the parole decisions of the USPC. Instead, Petitioner contends that in November 2009 he discovered that his convening authority[4] also has the statutory authority to grant clemency, pursuant to Article 74 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C § 874, in addition to the annual clemency review that he is provided by the Board. Petitioner submitted a request for conditional release to his convening authority pursuant to Article 74. Doc. 1, Exh. 1. The request was forwarded to the Board for disposition, as the authority designated to make clemency and other release decisions on behalf of the Secretary of the Air Force. *Id*. Exh. 2. Petitioner also unsuccessfully attempted to file a Complaint of Wrongs pursuant to 10 U.S.C § 938 (Article 138). Petitioner received no action on that Complaint because he had been discharged from the Air Force and therefore was no longer entitled to the protections of Article 138. *Id*. Exh. 7, 8.

The instant petition followed. Petitioner asserts two grounds for relief: (1) he has been denied due process and equal protection because he has been denied the opportunity to petition the convening authority for clemency under 10 U.S.C. § 874, in addition to the annual clemency review he receives under 10 U.S.C. § 953; and (2) he has been denied the right to redress grievances and the right to equal protection

---

[4]"Convening authority" generally refers to the commanding officer who convened the court-martial proceedings, in this case the Commanding General, Air Mobility Command, Scott AFB, Illinois. *See* Doc. 1, Exh. 1.

because he was denied the right to file a Complaint of Wrongs pursuant to Article 138.

## Discussion

Pursuant to 28 U.S.C § 2241(c)(3), "the writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States[.]" The alleged constitutional violations in this case are premised on Petitioner's rights to due process and equal protection.

In order to establish a violation of the Due Process Clause, a petitioner must have been deprived of a liberty or property interest protected under the Fifth Amendment." *Cook v. Wiley* 208 F.3d 1314, 1322 (11th Cir. 2000).  Petitioner cannot meet this initial burden, because, as he concedes, he has no protected interest in clemency or parole.   See Doc. 1.  Consistent with Supreme Court authority, Department of Defense Instruction 1325.7 specifically states that "there is no right to clemency, parole, reenlistment, or restoration." Dep't of Defense Instr. 1325.7, § 6.16.2; *see Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981) ( "Unlike probation, pardon and commutation decisions have not traditionally been the business of the courts; as such, they are rarely, if ever, appropriate subjects for judicial review . . . . [A]n inmate has no 'constitutional or inherent right' to commutation of his sentence.") (citations omitted); *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 276 (1998) (reaffirming holding in *Dumschat*, and further holding that "[t]he Due Process Clause is not violated where, as here, the procedures in question do no more than confirm that the clemency and pardon powers are committed, as is our tradition, to the authority of the executive.")

In view of this authority, the Court agrees that Petitioner's due process claims are

not cognizable under § 2241 because he cannot show that he is confined in violation of a constitutional right. Further, the petition is devoid of any factual allegations suggesting that Petitioner has been treated differently than similarly-situated individuals convicted by military court-martial, and therefore his equal protection claims also must be dismissed.

Even if Petitioner has a cognizable due process interest in clemency, he has not shown that his right to due process has not been protected through the clemency and parole reviews he has received. Petitioner instead contends that due process entitles him to seek clemency from the convening authority in addition to the Board. As Respondent asserts, there is no merit to this claim. At his request, and through counsel, Petitioner received clemency review by the convening authority before his adjudged sentence was approved on January 14, 2002. *See* Doc. 11, Exh. 24, 25. Following adjudication, all clemency authority has been invested in the Board pursuant to Air Force regulations. *See* Doc. 11, Exh. 14 at 6.16.3; Exh. 16 at 10.8.4. There is no authority for the proposition that Petitioner is entitled to a different form of clemency review.

Petitioner's claim that he has a right to seek relief by way of an Article 138 Complaint of Wrongs is also misplaced. Article 138 provides that:

> Any member of the armed forces who believes himself wronged by his commanding officer, and who, upon due application to that commanding officer, is refused redress, may complain to any superior commissioned officer, who shall forward the complaint to the officer exercising general court-martial jurisdiction over the officer against whom it is made. The officer exercising general court-martial jurisdiction shall examine into the complaint and take proper measures for redressing the wrong complained of; and he shall, as soon as possible, send to the Secretary concerned a true statement of that complaint, with the proceedings had thereon.

10 U.S.C. § 938.

By its plain terms, Article 138 applies only to members of the armed forces, and not former members who have been discharged. Petitioner's inability to seek relief under Article 138 raises no constitutional issues with respect to his confinement.

## Conclusion

Accordingly, it is respectfully **RECOMMENDED** that the Motion to Dismiss, Doc. 11, be **GRANTED**, that the Petition be denied, and that this case be **DISMISSED**. The **Clerk** is directed to serve this Report and Recommendation upon Petitioner at his address of record at FCI Marianna, and upon Petitioner at Devens FMC.

**IN CHAMBERS** this 8th day of February 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**